IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL VENGER, ET AL. | Case No. 03:10-cv-366 |

**************************************************************************

### DEFENDANTS' ANSWER TO RECEIVER'S
### COMPLAINT AGAINST CERTAIN STANFORD INVESTORS
### (CLARENCE H. FORSHAG AND BETTY JO FORSHAG)

Defendants, **CLARENCE H. FORSHAG AND BETTY JO FORSHAG** ("Investor Defendants" or "Defendants"), file this Answer and Affirmative Defenses in response to the Receiver's Complaint against certain Stanford Investors. (Doc. No. 1).

### ANSWER

### SUMMARY

1. No response is required for the allegations contained in paragraph 1 of the Receiver's Complaint against certain Stanford Investors. To the extent that the response is required, the allegations contained in paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2. Defendants deny that they had knowledge of the use or whereabouts of their investments as alleged in paragraph 2. The allegations contained in paragraph 2 of the Receiver's Complaint against certain Stanford Investors are denied for lack of sufficient information to justify

a belief therein. Defendants deny the amount set forth on the Appendix is the correct amount or the date on which the Ponzi Scheme commenced.

3.  The first sentence in paragraph 3 is admitted.  The second sentence of paragraph 3 is denied for lack of sufficient information to justify a belief therein.  The third sentence in paragraph 3 is denied. All other allegations are denied.

4.  The last sentence of paragraph 4 is denied.  Except as otherwise noted, all other allegations contained in paragraph 4 are denied for lack of sufficient information to justify a belief there.

5.  The allegations contained in paragraph 5 are denied for lack of sufficient information to justify a belief therein. Defendants deny the amount set forth in the Appendix is the correct amount or the date on which the Ponzi Scheme commenced.

6.  The allegations contained in paragraph 6 are a statement of law and not fact.  To the extent that a response is required, the allegations in paragraph 6 are denied because it is not a proper statement of the law.  Further, any factual allegations contained in paragraph 6 are denied.

## PARTIES

7.  The allegations contained in Paragraph 7 are admitted.

8.  The allegations contained in paragraph 8 are denied for lack of sufficient information to justify a belief therein.

## PROCEDURAL HISTORY

9.  The allegations contained in paragraph 9 are a statement of law and not fact.  To the extent that a response is required, the allegations in paragraph 9 are denied because it is not a proper

statement of the law.  Any factual allegations contained in paragraph 9 are denied for lack of sufficient information to justify a belief therein.

## JURISDICTION AND VENUE

10. The allegations contained in paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11. The allegations contained in paragraph 11 are denied.

12. The allegations contained in paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13. The document executed by Defendants, if executed, as alleged in paragraph 13, is the best evidence of its terms.  Except as otherwise noted, all allegations contained in paragraph 13 are denied for lack of sufficient information to justify a belief therein.

## STATEMENT OF FACTS

14. Defendants deny that they had any personal knowledge of any of the factual basis for the fraud, misrepresentations, or omissions or failure to comply with the regulatory laws as of the date of the transfers which are the subject of the First Amended Complaint.  However, Defendants now believe that many of the facts alleged are now in fact true.  The allegations concerning actions of Stanford Defendants contained in paragraphs 14-23 are denied for lack of sufficient information to justify a belief therein.  The allegations contained in Paragraph 14 - 23 are admitted except for the date that the Ponzi Scheme started.  All allegations regarding the date of the commencement of the Ponzi Scheme are denied based upon a lack of sufficient information to justify a belief therein. The exact date for the commencement of the Ponzi Scheme is a contested issue of

fact of which Plaintiff must establish in order to contest the transfers which are the subject of this suit.

15. The allegations contained in paragraph 24 are denied.

16. The allegations contained in paragraph 25 are admitted subject to the Fourth Affirmative Defense.

## REQUESTED RELIEF

17. The allegations contained in paragraph 26 are a statement of law and not fact. To the extent that a response is required, the allegations contained in paragraph 26vare denied because it does not properly state the law. Further, any factual allegations contained in paragraph 26 are denied.

18. The allegations contained in paragraph 27 are a statement of law and not fact. To the extent that a response is required, the allegations contained in paragraph 27 are denied because it does not properly state the law. Further, any factual allegations contained in paragraph 27 are denied.

19. The allegations contained in paragraph 28 are a statement of law and not fact. To the extent that a response is required, the allegations contained in paragraph 28 are denied because it does not properly state the law. Further, any factual allegations contained in paragraph 28 are denied.

20. The allegations contained in Paragraph 29 are denied.

21. The allegations in paragraphs 30 - 35 concerning the amount received by all investors other than the Defendants are denied of lack of sufficient information to justify a belief therein. All other allegations set forth in paragraphs 30-35 are a statement of law and not fact. To

the extent that a response is required, the allegations contained in paragraphs 30-35 because it does not properly state the law. Further, any factual allegations contained in paragraphs 30-35 are denied.

22. The allegations contained in Paragraph 36 are denied.

23. The allegations contained in Paragraph 37 are denied.

24. The allegations set forth in Paragraph 38 - 41 are statements of law and not fact. To the extent that a response is required, the allegations set forth in Paragraph 38 - 41 are denied because it is an improper statement of the law. Further, any factual allegations are denied.

25. The allegations set forth in paragraph 42 are statements of law and not fact. To the extent that a response is required, the allegations in paragraph 42 are denied because it does not properly state the law. Further, any factual allegations in paragraph 42 are denied.

26. All other allegations not specifically mentioned are hereby denied.

## AFFIRMATIVE DEFENSES

### I. First Affirmative Defense: Fraudulent Transfer Act

27. The Texas Fraudulent Transfer Act is set out in Tex. Bus. & Com. Ann. § 24.001 *et seq.* ("the Act"). Defendants hereby alleges that the transfers: (1.) were for reasonably equivalent value based upon an existing antecedent debt; and (2.) were made in good faith, not subject to being voidable under the Act.

28. Section 24.009(a) of the Act provides: "A transfer or obligation is not voidable under Section 24.005(a)(1) of the Act against a person who took in ***good faith*** and for a ***reasonably equivalent value*** or against any "***subsequent transferee or obligee.***" Tex. Bus. & Com. Ann. §24.009(a) (emphasis added).

29. Defendants (1.) acted in good faith *and* (2.) gave reasonably equivalent value in exchange for the multiple transfers because the interest and principal payments were transferred in satisfaction of an antecedent debt represented by a contractual agreement as previously determined by the United States Fifth Circuit Court of Appeals in *Janvey v. Adams,* 2009 WL 3791623, 2 (5th Cir. 2009).

30. Because all transfers of interest and principal were made for an antecedent debt in 2007 prior to the time that any reasonable person had knowledge of any insolvency or fraudulent schemes at SIB or Stanford, the transfers are not voidable.

31. The transfers made to the Defendants were transfers made for "antecedent debts" within the meaning of Tex. Bus. & Com. Code § 24.004(a) because the funds were CD proceeds pursuant to written certificate of deposit agreements with Stanford International Bank ("SIB"), which granted them certain rights and obligations as determined by the United States Fifth Circuit Court of Appeals in *Janvey v. Adams*, *supra,* where the Court stated the following, "There was a debtor-creditor relationship between the Investor Defendants and the Stanford Bank based on written agreements well before the underlying SEC enforcement action against Stanford and the resulting receivership and restraining order. The Court continued to state, "The Investor Defendants have a legitimate ownership interests in their CD proceeds." The United States Fifth Circuit Court of Appeals held, "The opinion does not cast any doubt upon our conclusion that the Investor Defendants here, against whom no wrongdoing has been alleged, have ownership interests in and legitimate claims to the proceeds of the CDs that they purchased from the Stanford Bank just as thousands of other innocent investors have done." *Janvey v. Adams,* 2009 WL 3791623, 2 (5th Cir. 2009).

32.     As a matter of law, the interest payments are a reasonably equivalent value because they are based upon contractual agreements and are antecedent debts within the meaning of the Act.

33.     As a matter of law, the principal payments received are a reasonably equivalent value because they represent the payment of an antecedent debt, based upon the previous ruling of Judge Godbey in the order dated July 31, 2009, which has not been reversed as of the date of the filing of the First Amended Complaint by the Receiver.

34.     Section 24.004(a) of the Act specifically provides that "value" includes satisfaction of an antecedent debt. Tex. Bus. & Com. Ann. § 24.004(a). A debtor may also receive "reasonably equivalent value" when the debtor's payment of a third-party's debt reduces the debtor's liabilities.[1] *In re IFS Financial Corp.*, 417 B.R. 419, 441, 442 (Bkrtcy.S.D.Tex. 2009).

35.     The estate's liabilities are reduced in the same amount as the transfer. SIB received reasonably equivalent value from the disputed transfers in that its liability was reduced in the amount of the transfers. *In re IFS Financial Corp.*, 417 B.R. 419, 442 (Bkrtcy. S.D.Tex. 2009)

**II.     Second Affirmative Defense: Interest Payments are Payments for Antecedent Debt**

36.     A debtor does not receive reasonably equivalent value for any payments made to investors that represent false profits. *See In re Hedged-Investors Associates, Inc.,* 84 F.3d 1286, 1290 (10th Cir.1996); *Scholes v. Lehmann,* 56 F.3d 750, 757-58 (7th Cir.); *In re Taubman,* 160 B.R. 964, 967 (Bankr.S.D.Ohio 1993); *Eby v. Ashley,* 1 F.2d 971, 973 (4th Cir.1924); *Warfield v. Carnie,*

---

[1](a) Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person. Tex. Bus. & Com. Ann. § 24.004(a).

2007 WL 1112591, 12 (N.D.Tex. 2007). However, false profits and interests are not the same types of compensation. *In re Carrozzella & Richardson,* 286 B.R. 480, 491 (D.Conn. 2002).

37.     In exchange for the interest paid to the Defendants, SIB received a dollar-for-dollar forgiveness of a contractual debt. Since the SIB CDs are contractual obligations of SIB, SIB was obligated to pay the interest that accrued on the SIB CDs. SIB's payment of the accrued interest constituted dollar-for-dollar forgiveness of a contractual debt, which is "reasonably equivalent value." *Freeland v. Enodis Corp.,* 540 F.3d 721, 735 (7th Cir. 2008); *In re Carrozzella & Richardson,* 286 B.R. 480, 491 (D.Conn.2002); *Kipperman v. Onex Corp.,* 411 B.R. 805, 851 (N.D.Ga,2009); *In re N & D Properties, Inc.*, 54 B.R. 590, 605 (D.C. Ga. 1985).

### III.    Third Affirmative Defense: Defendants Acted in Good Faith

38.     All of the redemption and interest payments to Defendants occurred prior to January 1, 2008. Plaintiff has not alleged sufficient facts relating to each transfer of principal or interest over multiple years for Defendants to be able to determine on what date Plaintiff believes that Defendants should have reasonably known of SIB's insolvency or should have reasonably put them on notice at the time of each transfer of principal or interest that the transfer was made in order to delay, hinder, or defraud creditors of the debtor.

39.     Defendants did not have knowledge of facts that should have reasonably put them on notice at the time of each transfer of principal or interest that the transfer was made in order to delay, hinder, or defraud creditors of the debtor. *Terry v. June,* 432 F.Supp.2d 635, 641 (W.D. Va. 2006); *United States v. Romano,* 757 F.Supp. 1331, 1338 (M.D. Fla.1989); *Plotkin v. Pomona Valley Imports (In re Cohen),* 199 B.R. 709, 719 (Bankr.Fed.App.1996); *Fisher v. Sellis (In re Lake*

*States Commodities, Inc.),* 253 B.R. 866, 878 (Bankr.N.D.Ill.2000); *In re Agricultural Research & Tech. Group, Inc.,* 916 F.2d 528 at 536 (9th Cir. 1990).

40. Defendants did not know or should not have known that the debtors were insolvent at the time of each transfer of principal and interest. Defendants did not have knowledge of facts at the time of the transfer of each payment of principal and interest that should have reasonably put him on notice that SIB was insolvent or that the transfers were being made to delay, hinder, or defraud creditors of the debtor.

41. As a matter of law, since the facts and circumstances surrounding the operation of SIB did not reasonably put the Securities and Exchange Commission and FINRA, which where responsible for monitoring the activities of the Stanford Group, on notice as of January 1, 2008 that transfers were being made to delay hinder or defraud creditors of the debtor through the implementation of a Ponzi Scheme, then Defendants, as innocent investors, may not be held to a higher standard of knowledge or inquiry than the Securities and Exchange Commission and FINRA.

42. Further, Defendants continued to invest his fund at Stanford after the CD's were redeemed. If Defendants had known of the alleged Ponzi Scheme and facts evidencing the insolvency of SIB or Stanford, Defendants would not have continued to have brokerage accounts with Stanford in excess of $20 million dollars. Defendants' knowledge of particular facts was not such that they should have known of the fraudulent scheme or the insolvency of SIB.

43. In the alternative, because the transfers in question involved multiple transfers and multiple time periods, each transfer requires a finding that facts existed which provide the basis for a lack of good faith and that the claim relating to each transfer was filed timely under the statute of limitations for the Act.

44.     The primary purpose of disgorgement is to deprive a "wrongdoer" of unjust enrichment. In this particular case, as admitted by the Receiver, no "wrongdoer" is the subject of the plan for disgorgement.  *S.E.C. v. JT Wallenbrock & Associates*, 440 F.3d 1109, 1113 (9th Cir.2006).  See also, *Securities and Exchange Commission v. Blatt*, 583 F.2d 1325, 1335 (5th Cir.1978); *S.E.C. v. Seghers*, 298 Fed.Appx. 319, 336, 2008 WL 4726248, 14 (5th Cir.2008).  For this reason, Plaintiff is not entitled to the relief requested.

45.     Even if wrongdoing is involved, the amount of the principal investment is not subject to recoupment. *Scholes v. Lehmann*, 56 F.3d 750 (7th Cir.1995); *S.E.C. v. Blatt*, 583 F.2d at 1325, 1335 (5th Cir. 1978); Ruling of Judge Godbey dated July 31, 2009.

## IV.     Fourth Affirmative Defense: Uncertainty of Commencement Date of Ponzi Scheme

46.     As a matter of law, the time period for seeking recovery of the transfers based upon the actual intent to hinder, delay, or defraud creditors cannot commence until the date of the commencement of the Ponzi Scheme is proven.  Plaintiff makes no attempt to allege when the Ponzi Scheme started. In order to establish that the transfer was made with actual intent to hinder, delay or defraud any creditor of the debtor, the date of the commencement of the Ponzi Scheme must be factually plead and established. Until the date of the commencement of the Ponzi Scheme is proven, Defendants reserve the right to assert the defense that the transfers made to them for certain interest payments were prior to the date of the commencement of the Ponzi Scheme.

47.     The transfers of interest and principal to Defendants occurred in multiple years and months. The transfers from the receivership entities to Defendants were not made with actual intent to hinder, delay, or defraud creditors of the receivership entities during all periods for which disgorgement is being sought. The defenses of Defendants for the time periods for disgorgement

cannot be ascertained until Plaintiff sets forth the facts for the time in which the Ponzi Scheme commenced.

### V.     Fifth Affirmative Defense: Ownership of Claim

48.     Plaintiff does not have title to the claim, and as a matter of law, is not entitled to enforce any right of SIB against Defendants until it is determined who is the proper receiver to represent SIB in pursuing its claims.

### VII.    Seventh Affirmative Defense: Offset[2]

49.     The other unpaid creditors of SIB are the real parties in interest that the Plaintiff is representing in pursuing the claims against the Defendants. Defendants plead the right of offset and compensation in an amount equal to it pro-rata share of the amounts due and owing by all persons that have received payments during the period of the Ponzi Scheme of which Defendants would be a beneficiary if the claims were pursued by the Receiver.

---

[2]The Sixth Affirmative Defense has been intentionally omitted from this answer because it is a defense that has been alleged in the other answer filed by counsel in Docket Entry No. 153 on December 18, 2009, filed in this instant litigation, Case No. 3:09-cv000724-N. However, the Sixth Affirmative Defense is not applicable to the Defendants. For ease of future use of reference, counsel felt it was easier for the affirmative defenses of all of counsel's clients be numbered and referenced uniformly in Docket Entry No. 153 and this instant answer.

**VIII.   <u>Eighth Affirmative Defense: Unjust Enrichment</u>**.

50.   A cause of action for unjust enrichment only exists under circumstances in which one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. Further, an element of the cause of action is that Defendants wrongfully secured a benefit or passively received one which it would be unconscionable to retain. No fraud, duress or taking of undue advantage has occurred.

51.   A certificate of deposit contract exists between the Plaintiff and Defendants as determined by the United States Fifth Circuit Court of Appeals in the case of *Janvey v. Adams, supra.* When a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under for unjust enrichment. *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Pazarin v. Armes,* 512 F.Supp.2d 861, 877 (W.D.Tex. 2007); *Becker v. National Educ. Training Group, Inc.*, 2002 WL 31255021, 4 (N.D.Tex. 2002).

52.   The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less. Plaintiff has not been impoverished by the amount of the loss that hypothetically would have been lost in other investments.

53.   As a matter of law, the amount of the enrichment alleged by the Plaintiff has no support in law or fact, because the enrichment is based upon a novel theory that Defendants have been enriched by the amount of losses that they did not incur by not investing in some unknown or unspecified securities. Further, the legal proposition that Plaintiff is entitled to assume the alternative investment in which Defendants would have invested funds for purposes of determining

the loss/benefit if the funds had been withdrawn from SIB, is pure conjecture, has no support in fact or law, and is designed to create a claim for unjust enrichment where none exists.

54.     No enrichment has been properly alleged based upon the unfounded premise that hypothetical losses would have incurred in the market without specifically alleging what investments each Defendant would have made if the funds had been available.  As a matter of law, the alleged amount of damages are speculative at best.

### IX.     Ninth Affirmative Defense: Res Judicata and Collateral Estoppel

55.     The issue of whether a claim can be made against innocent investors for the amount of the principal has been previous decided by this Honorable Court and the United States Fifth Circuit Court of Appeals and is res judicata.  The courts have previously determined that Defendants are the owner of the funds based upon the contractual agreement between Defendants and SIB. Further, the Receiver is collaterally estopped from filing a new claim for the principal amount of the funds invested in the SIB CD's based upon the prior rulings of the respective courts.

### X.     Tenth Affirmative Defense-Statute of Limitations

56.     All transfers of interest occurring prior to December 7, 2005 are barred because all claims must be filed within four years of the date of the transfer.

### Request for a Trial by Jury

57.     Defendants hereby request a jury trial on all issues.

**WHEREFORE**, having fully answered Receiver's First Amended Complaint, Defendants pray for a judgment dismissing the Petition with prejudice and for such further relief as the Court may deem just.

Respectfully submitted by:

**PREIS GORDON, APLC**

s/Phillip W. Preis_____
Phillip W. Preis (La. Bar Roll No. 10706)
Post Office Box 2786 (70821-2786)
450 Laurel Street, Suite 2150(70801-1817)
Baton Rouge, Louisiana
Phone:  (225) 387-0707
Fax:  (225) 344-0510
Email: phil@preislaw.com

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 24th day of May, 2010, he filed the foregoing pleading with the Clerk of Court using the CM/ECF system and the CM/ECF system will send notification of all such filing to all counsel of record as noted on the CM/ECF system.

_____s/Phillip W. Preis_____
Phillip W. Preis