UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, *et al.*, § § Plaintiff, § § § v. § § MIGUEL VENGER, *et al.*, § § Defendants. § | Case No. 3:10-CV-0366-N-BG |

## **REPORT AND RECOMMENDATION**

The matters in this litigation are well known to the parties and involve court-appointed Receiver Ralph S. Janvey's efforts to recover monies allegedly used to further R. Allen Stanford's Ponzi scheme and paid to investors and employees of Stanford entities. Now before the court are two motions to dismiss in the above-titled action that the district court referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

## **Discussion**

Defendants Omar Rodriguez Rosales (ECF No. 92) and Donald J. Sherrill and Susan M. Sherrill (ECF No. 93) filed the instant motions to dismiss, asking the court to dismiss the claims against them based on Federal Rules of Civil Procedure 8(a), 9(b), 10(a), and 12. Defendant Rodriguez and the Sherrill Defendants argue that the Complaint should be dismissed pursuant to Rule 12(b)(1) because the Receiver lacks standing to pursue the claims asserted; pursuant to Rule 12(b)(6) for failing to satisfy the pleading requirements of Rules 8(a) and 9(b); and pursuant to Rule 10(a) for failing to specifically name the Defendants in the title or caption of the Complaint.

In addition, Defendant Rodriguez requests the court to order the Receiver to provide a more

definite statement under Rule 12(e) because the Receiver lists Rodriguez together with his mother, Rosa Maria Rosales, as being liable for an aggregate sum in the Appendix to the Complaint. Although the Appendix lists an aggregate sum, Defendant Rodriguez asserts that he never owned a joint account with his mother; therefore, the Appendix does not provide him with fair notice of the amount of his personal liability.

The court has held that it has subject matter jurisdiction over the Receiver's claims, *see* Order, *Janvey v. Alguire*, 3:09-CV-724-N, at 3–5 (N.D. Tex. Sept. 26, 2011) (ECF No. 765) (holding that the Receiver stands in the shoes of the Stanford entities' creditors and therefore asserts his claims in that capacity), that the Receiver states a claim for relief under Rule 12(b)(6), *see id.* at 5–16, that the Receiver identifies the Defendants under Rule 10(a), *see id.* at 19–20, that the Receiver states a claim under Rule 8(a), *see id.* at 20–21, and that the Receiver pleads in compliance with Rule 9(b), *see id.* at 21–22. Thus, Defendants' arguments under Rules 8(a), 9(b), 10(a), 12(b)(1), and 12(b)(6) fail.

Finally, Defendant Rodriguez's motion for a more definite statement pursuant to Rule 12(e) should be denied. Although Rodriguez may dispute the accuracy of the Receiver's claim, the Complaint and the Appendix are not "so vague or ambiguous that [Rodriguez] cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

### **Recommendation**

Based on the foregoing, the undersigned **RECOMMENDS** that the district judge **DENY** the motion to dismiss and, in the alternative, motion for a more definite statement (ECF No. 92) filed

by Defendant Rodriguez in its entirety and **DENY** the motion to dismiss (ECF No. 93) filed by the Sherrill Defendants in its entirety.

### Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April 8, 2014.

NANCY M. KOENIG
United States Magistrate Judge

3