UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:10-CV-0366-N-BG |
| | § | |
| v. | § | |
| | § | |
| MIGUEL VENGER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

The matters in this litigation are well known to the parties and involve court-appointed Receiver Ralph S. Janvey's efforts to recover monies allegedly used to further R. Allen Stanford's Ponzi scheme and paid to investors and employees of Stanford entities. Now before the court are two motions to dismiss in the above-titled action that the district court referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

## Discussion

Defendants Moore, Moore, and Moore LLC, Namada Investment Group L.P., and Sococo LTDA (ECF No. 104) and Timothy C. Moore, as Personal Representative of the Estate of Nathan Allen Moore (ECF Nos. 129, 130) filed the instant motions to dismiss, asking the court to dismiss the claims against them based on Federal Rules of Civil Procedure 10(a), 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6).

The Defendants argue that service of the summons should be quashed and the action should be dismissed under Rules 12(b)(4) and 12(b)(5) because the Complaint was not served within 120 days of filing under Federal Rule of Civil Procedure 4(m). The Defendants claim that they were not

served with the Complaint until March 24, 2011, and April 22, 2011, respectively, almost a year after the time for service had expired. The Receiver objects to dismissal and advises the court that settlement letters were sent to the Defendants before the filing of the Complaint and beginning in March 2010 the Defendants engaged in extensive settlement negotiations with counsel for the Receiver, during which time the Defendants were provided with factual information regarding the Receiver's claims. The Receiver thus argues that the Defendants had actual notice of the Complaint and that the Receiver effected service after settlement discussions reached an impasse. Defendants reply that the earliest service was made one year after the settlement discussions ceased and no reason was given for not serving them earlier.

The undersigned magistrate judge proposes that, as it has in other instances, the court should (a) find that there is good cause to extend the time to serve the Defendants or, in the alternative, that the court has the discretionary power to extend time for service and (b) deem that service on the Defendants was timely. *See*, *e.g.*, Order, *Janvey v. Indigo Trust*, No. 3:10-CV-844-N (N.D. Tex. Mar. 7, 2014) (ECF No. 67) (citing *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (per curiam)).

The Defendants further argue that the Complaint should be dismissed pursuant to Rule 12(b)(1) because the Receiver lacks standing to pursue the claims asserted and pursuant to Rule 12(b)(6) for failing to satisfy the pleading requirements of Rules 8(a) and 9(b).

The court has held that it has subject matter jurisdiction over the Receiver's claims, *see* Order, *Janvey v. Alguire*, 3:09-CV-724-N, at 3–5 (N.D. Tex. Sept. 26, 2011) (ECF No. 765) (holding that the Receiver stands in the shoes of the Stanford entities' creditors and therefore asserts his

claims in that capacity), that the Receiver states a claim for relief under Rule 12(b)(6), *see id.* at 5–16, that the Receiver identifies the Defendants under Rule 10(a), *see id.* at 19–20, that the Receiver states a claim under Rule 8(a), *see id.* at 20–21, and that the Receiver pleads in compliance with Rule 9(b), *see id.* at 21–22. Thus, Defendants' arguments under Rules 8(a), 9(b), 10(a), 12(b)(1), and 12(b)(6) also fail.

## Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the district judge **DENY** the motions to dismiss filed by Defendants Moore, Moore, and Moore LLC, Namada Investment Group L.P., and Sococo LTDA (ECF No. 104) and Timothy C. Moore, as Personal Representative of the Estate of Nathan Allen Moore (ECF Nos. 129, 130) in their entirety.

## Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Dated:        April 8, 2014.

                                        NANCY M. KOENIG
                                        United States Magistrate Judge