IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-0366-N |
| | § | |
| MIGUEL VENGER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses the Findings, Conclusions, and Recommendations of the United States Magistrate Judge [doc. 398]. After conducting a review of the pleadings, files, and records in this case in accordance with 28 U.S.C. § 636(b)(1), I am of the opinion that the Findings, Conclusions, and Recommendations of the Magistrate Judge are correct, with the following clarification.

As stated by the Fifth Circuit, "a federal equity receiver has standing to assert only the claims of the entities in receivership, and not the claims of the entities' investor-creditors." *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 190 (5th Cir. 2013). The Fifth Circuit still held, however, "that a receiver may sue on behalf of the receivership entity under a state uniform-fraudulent-transfer law to recover assets fraudulently transferred by the Ponzi-scheme principal without commensurate consideration to third parties." *Id.* (citing *Scholes v. Lehmann*, 56 F.3d 750, 753–55 (7th Cir. 1995)). Furthermore, to the extent that defendants' standing arguments rely upon comity issues related to the Antiguan Joint

Liquidators, such arguments should be considered moot in light of the settlement agreement between the Receiver and the Joint Liquidators. *See* Order Approving Settlement Agreement and Cross-Border Protocol, Apr. 11, 2013 [1844], *in SEC v. Stanford Int'l Bank*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009).

Pursuant to the above clarification, the Findings, Conclusions, and Recommendations of the Magistrate Judge are hereby adopted as the determinations of the Court. Thus, the Court denies Defendants Moore, Moore and Moore LLC, Namada Investment Group L.P., and Sococo LTDA's motion to dismiss [104] and Defendant Timothy C. Moore's, in his capacity as personal representative of the Estate of Nathan Allen Moore, motion to dismiss [129].

Signed May 7, 2014.

_____
David C. Godbey
United States District Judge